BAKER, Judge,
dissenting.
While finding it difficult to disagree with the rationale of the majority, I find it more difficult to hold that Yarborough v. Commonwealth, 247 Va. 215, 441 S.E.2d 342 (1994), does not require that the evidence must show that the accused “actually” used a gun to consummate the crime. In Yarborough, the victim testified that the robber said “this is a stickup,” while holding his hand on something that caused the victim to believe that Yarborough had a gun. Holding that this evidence was insufficient to sustain Yarborough’s conviction under Code § 18.2-53.1, the Supreme Court stated, “we reject *154 ... the conclusion reached by the Court of Appeals” that “ ‘actual sighting of the weapon is unnecessary for a conviction under Code § 18.2-53.1.’ ” Id. at 217-18, 441 S.E.2d at 343-44 (emphasis added).
Thereafter, the Court said:
Code § 18.2-53.1, a penal statute, must be strictly construed against the Commonwealth and in favor of an accused. When so construed, we think that, to convict an accused of violating Code § 18.2-53.1, the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies.
Id. at 218, 441 S.E.2d at 344 (footnote omitted) (emphasis added) (citations omitted).
If a writ is sought in this case and the Supreme Court refuses to grant it, I will concede that circumstantial evidence may be sufficient to prove “the actual sighting” required by that Court in Yarborough. However, until then, I am of the opinion that this case must be reversed and dismissed for want of evidence to support the conviction.